IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

**FILED**

FEB 2 5 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

GREEN TREE FINANCIAL
CORPORATION,

    Plaintiff

v.

MELVIN H. HOLT,

    Defendant

CV NO. 96-HM-0381-J

**ENTERED**

FEB 2 5 1997

## MEMORANDUM OPINION

The above-entitled civil action is currently before this Court on motion of Johnnie's Homes, Inc., filed June 7, 1996 seeking to intervene as a Plaintiff in this civil action and Johnnie's Homes, Inc.'s Motion to Withdraw Motion to Intervene filed January 23, 1997. Since this case is procedurally convoluted, this Court will briefly set forth the events leading up to this civil action's current posture.

    This case arises out of the sale of a mobile home by the potential intervenor, Johnnie's Homes, Inc., d/b/a Steel City Mobile Homes [hereinafter "Johnnie's"], to the Defendant in this action, Melvin H. Holt, which sale took place on April 30, 1994. Underneath the signature line on the Installment Sales Contract and Security Agreement [hereinafter "the contract"], there was an assignment by Johnnie's Homes of "the entire title and Interest in the Contract and the property described therein . . . with full authority to do every act and thing necessary to collect and discharge same" to the Plaintiff in this case, Green Tree Financial

Corporation [hereinafter "Green Tree"]. Also in the contract was an arbitration provision, which reads as follows:

> All disputes, claims or controversies arising from or relating to this Contract of the relationships which result from this Contract or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee [Green Tree] with consent of Buyer(s) [Holt]. This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction . The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN).** Th parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto the contrary, Assignee retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment, or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision.

(emphasis in original).

2

On January 18, 1996 Mr. Holt (the defendant in this case) filed a complaint in the Circuit Court of Walker County, Alabama against Green Tree and Johnnie's alleging fraud, civil conspiracy, and breach of fiduciary duty and additionally seeking to have the case certified as a class action (CV 96-062). In response to what it considered to be a breach of the above-quoted arbitration clause in the contract, Green Tree filed this civil action on February 16, 1996, predicating this Court's jurisdiction on 28 U.S.C. § 1332 [diversity of citizenship and amount in controversy].[1] In the prayer for relief in its complaint, Green Tree asked this Court to compel arbitration pursuant to the contract's arbitration clause and to both restrain Defendant Holt from taking any further action in the Walker County Circuit Court action and enjoin the state court itself from conducting any further proceedings in Mr. Holt's state court action.

On June 7, 1996, Johnnie's filed a Motion to Intervene as a Plaintiff in this civil action. Johnnie's Homes, Inc.'s Motion to Intervene alleged that Johnnie's was also a defendant in the Walker County action and that Johnnie's "is similarly situated in the same claim as your petition (sic) Green Tree Financial Corporation, as Petitioner is also a party to the contract containing the arbitration clause." Motion to Intervene at ¶ 2. The Motion to Intervene also alleged that "Steele City Mobile Homes, Inc., is an

---

[1] Green Tree is alleged to be a Delaware Corporation with its principal place of business in Minnesota. Defendant Holt is an Alabama citizen. Thus, as the case was originally filed there was diversity of citizenship.

3

Alabama corporation."[2]  Motion to Intervene at ¶ 3.  Neither Plaintiff Green Tree nor Defendant Holt filed a response to Johnnie's Homes, Inc.'s Motion to Intervene.

On December 13, 1996 this Court entered an Order deferring a ruling on Johnnie's Homes, Inc.'s Motion to Intervene.  In this Order, the Court pointed out that the Motion failed to inform this Court whether the purported intervention was permissive or as of right pursuant to Rule 24(a,b) of the Federal Rules of Civil Procedure.  The Court also noted that in the event that the Motion to Intervene was granted and Johnnie's Homes became a party plaintiff in this civil action, it would appear that this Court's diversity jurisdiction would be destroyed since Johnnie's Homes is an Alabama corporation and Defendant Holt is also a citizen of the State of Alabama.  The December 13, 1996 Order granted Johnnie's Homes fifteen [15] consecutive, calendar days to respond in brief to these observations by clarifying its position on the nature of its intervention and the jurisdictional problem its intervention would raise.  Defendant Holt and Plaintiff Green Tree were each given fifteen [15] consecutive, calendar days following receipt of Johnnie's Homes, Inc.'s brief to submit their own brief in response.

On January 23, 1997[3] Johnnie's Homes, without further

---

[2]The Motion identified the Petitioner as "Johnnie's Homes, Inc., d/b/a Steele City Mobile Homes." This Court assumes that the Petitioner's business name was inadvertently used instead of the corporate name in this paragraph of the motion.

[3]Johnnie's Homes, Inc. obviously missed its deadline but was allowed to file their response belatedly with this Court's permission.

4

explanation, submitted a one sentence Motion to Withdraw Motion to Intervene which reads, "Comes Now the defendant, Johnnie's Homes, Inc. d/b/a Steel City Mobile Homes and moves this court for permission to withdraw its Motion to Intervene in this case." On February 6, 1997 Defendant Holt submitted to this Court his Memorandum in Support of Intervention, in which he takes the position that Johnnie's Homes, Inc. should be joined as a party plaintiff in this civil action but since its joinder would destroy this Court's subject matter jurisdiction, rather than proceed without Johnnie's Homes, the Court should dismiss this action pursuant to Rule 19(a,b) of the Federal Rules of Civil Procedure, regarding Johnnie's Homes as an "indispensable party".

Rule 19 provides in pertinent part as follows:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. . . .
> (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice

5

> can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

As mentioned above, joinder of Johnnie's Homes, Inc. as a party plaintiff in this civil action will deprive this Court of its jurisdiction over the case. However, this fact is irrelevant in the analysis of whether or not Johnnie's Homes **should** be joined in this civil action. The comments to the 1966 amendment to Rule 19 state:

> When a person as described in subdivision (a)(1)-(2) cannot be made a party, the court is to determine whether in equity and good conscience the action should be dismissed. That this decision is to be made in light of pragmatic considerations has often been acknowledged by the court. . . . The subdivision [(b)] sets out four relevant considerations drawn from the experience revealed in the decided cases. The factors are to a certain extent overlapping, and they are not intended to exclude other considerations which may be applicable in particular situations.

(citations omitted.) Indeed, Professors Wright, Miller and Kane confirm the framework of this analysis, writing:

> In some situations a person who is described in Rule 19(a) as someone who should be joined if feasible cannot be made a party because his joinder would defeat the court's subject matter jurisdiction . . . . When this occurs the court is instructed by Rule 19(b) to determine "whether in equity and good conscience the action should be dismissed." . . . If an application of this standard leads the court to decide that the action must be dismissed, it means that the absent person is to be regarded as "indispensable."

Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1607 (1986). Accordingly, this Court will first decide, using the tests set out in Rule 19(a), whether Johnnie's Homes should, assuming momentarily that such were jurisdictionally possible, be

6

joined as a party litigant to this civil action. If the Court finds that Johnnie's Homes **should** be joined, since its joinder is in point of fact not feasible the Court will then decide whether this civil action should proceed without Johnnie's Homes. In the event this Court, applying the standards set forth in Rule 19(b), determines that this action cannot "in equity and good conscience" proceed without Johnnie's Homes, this civil action will be dismissed, Johnnie's Homes having been determined to be "indispensable".

This Court must begin its analysis by noting that from June 7, 1996 until January 23, 1997 Johnnie's Homes itself felt that it belonged in this civil action as a party litigant. Indeed, it seems to be more than mere coincidence that Johnnie's Homes, Inc.'s position regarding its joinder in this case changed only after this Court's December 13, 1996 Order pointed out that their joinder would divest this Court of its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Moreover, this Court notes that Johnnie's Homes, Inc. made no effort to explain to this Court what drove its conclusion that it no longer should be a party to this civil action.

That said, this Court will use the Rule 19(a) analysis to determine whether, as Defendant Holt contends, Johnnie's Homes should be joined within the meaning of Rule 19(a). Defendant Holt urges that Johnnie's Homes, Inc. claimed an interest in the subject matter of this civil action and points to Johnnie's Homes, Inc.'s Motion to Intervene in support of this contention. That Motion in

7

fact read, "Your Petitioner [Johnnie's] is similarly situated in the same claim as your petition (sic) Green Tree Financial Corporation, as Petitioner is also a party to the contract containing the arbitration clause." Motion to Intervene at ¶ 2. Furthermore, Johnnie's Homes, Inc. is currently the Defendant in a different concurrently pending civil action (CV 95-745) in the Circuit Court of Walker County, Alabama.[4] Defendant Holt has attached to his brief a Motion to Stay Judicial Proceedings and to Compel Arbitration, filed by Johnnie's Homes in CV 95-745 on March 15, 1996, which seeks to have the Walker County Circuit Court stay Melvin Holt's suit against Johnnie's Homes and compel the party litigants in CV 95-745 to enter binding arbitration to settle their dispute pursuant to the arbitration clause at issue in this civil action and in the underlying state court action (CV 96-062). The sales contract and financing arrangement, including the arbitration agreement, in both CV 95-745 and CV 96-062 is the exact same one at issue in this civil action. Holt argues that the Motion to Stay filed by Johnnie's Homes in 95-745 relying on the arbitration clause in the contract demonstrates that Johnnie's Homes, Inc. claims an interest in the subject matter of this lawsuit within the meaning of Rule 19(a)(2). This Court agrees and finds that the foregoing prove that Johnnie's Homes has an interest in the contract at issue in this case.

---

[4]This is a breach of contract and fraud action against Johnnie's Homes, Inc. and the manufacturer of the mobile home sold to Melvin Holt. The complaint in that case alleges that faulty construction, represented as quality construction, made the home unfit for its intended purpose, uninhabitable, and unmerchantable.

8

Next the court must determine whether Johnnie's Homes is "so situated that the disposition of the action in [its] absence may" (1) impair or impede its ability to protect its interest OR (2) leave the remaining party litigants subject to a substantial risk of multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(2). Defendant Holt asserts that in the event that this Court allows Johnnie's Homes, Inc. to withdraw and eventually compels arbitration between Green Tree and Holt, Johnnie's Homes in its state court case (CV 95-745) would arguably be estopped to claim its right to arbitrate by virtue of its refusal to participate in this civil action, yet it has already represented to the Walker County Circuit Court that it has a right to enforce the arbitration clause. This Court also notes that the assignment contract between Johnnie's Homes, Inc. and Green Tree contained clauses which read as follows:

> Notwithstanding anything hereunto the contrary, if there is a breach of any of the foregoing warranties, as solely determined by Assignee [Green Tree], without regard to the Seller's [Johnnie's Homes] knowledge with respect thereto or Assignee's reliance thereon, Seller agrees unconditionally to repurchase the Contract from Assignee, upon demand, for the full amount then unpaid plus costs and expenses incurred by Assignee (adjusted for unearned finance charge in accordance with the actuarial method), whether the Contract shall then be, or not be, in default, and to indemnify, defend and hold Assignee harmless from any loss, damages or claims of nay nature by reason of such breach of warranty, including attorneys' fees, court costs, disbursements and out-of-pocket expenses.
> Seller further agrees that in the even Buyer asserts against Assignee any claim, defense or counterclaim against payment of any sum owing under the Contract or in defense of repossession on the assertion, either oral or written, that the Property is defective, not as represented to Buyer by Seller or that Seller refuses to honor any warranty or service agreement of Seller of the manufacturer, Seller will, upon Assignee's demand, repurchase the Contract from Assignee and pay Assignee

9

>   the full amount remaining unpaid (adjusted for unearned
>   finance charge in accordance with the actuarial method),
>   plus Assignee's costs and expenses including attorneys'
>   fees, whether or not any such claim, defense or
>   counterclaim shall be meritorious and without awaiting
>   adjudication of Buyer's claim, defense or counterclaim;
>   and Seller also agrees to indemnify, defend and hold
>   Assignee harmless from any such claims, including
>   attorneys' fees, court costs, disbursements and out-of-
>   pocket expenses.

The warranties referred to in the foregoing clauses included a warranty that "Seller has complied with . . . applicable state and local laws, regulations, rules and ordinances." This Court notes that consistent with its contractual rights under the assignment Green Tree could unilaterally declare that Johnnie's Homes, Inc. has not complied with all state laws regarding disclosure of the insurance at the center of this dispute and demand that Johnnie's Homes, Inc. repurchase this contract. Moreover, CV 95-745 (*Holt v. Johnnie's Homes, et al.*) contains allegations of faulty construction and contains claims for Breach of Warranty and Fraud in connection therewith against Johnnie's Homes. It is in this action that Johnnie's has invoked the provisions of the arbitration clause also at issue in this civil action. In light of the foregoing, this Court must conclude that Johnnie's Homes, Inc. would be unable to protect its interest in the proper interpretation of this contractual provision if not made a party to this civil action.

Moreover, if this Court were to allow Johnnie's Homes to withdraw its Motion to Intervene and were to compel arbitration between Green Tree and Holt and Holt were allowed to proceed in CV 95-745 in Walker County Circuit Court against Johnnie's Homes for fraud and breach of contract without arbitration (which is a

10

distinct possibility under the estoppel theory mentioned above) Holt could be in the strange position of arbitrating and litigating the same dispute in the same contract at the same time. Thus, this Court additionally and alternatively finds that failure to join Johnnie's Homes, Inc. in this civil action would subject the party litigants herein to a substantial risk of multiple or inconsistent obligations. Having found the provisions of Rule 19(a) satisfied, this Court must now determine whether dismissal of this action pursuant to Rule 19(b) is warranted.

Rule 19(b) sets out the factors which a District Court must consider in making such a decision. First, the Court must consider the extent to which a judgment rendered in Johnnie's Homes, Inc.'s absence might be prejudicial to Holt and Green Tree. This factor has already been considered by the Court in the preceding paragraphs in its determination as to whether Johnnie's Homes should be joined in this civil action. Again, this Court finds that for this action to proceed without Johnnie's would subject the existing party litigants to prejudice in that they may well be subject to conflicting obligations and multiple litigation. Secondly, the Court must examine the possibility of fashioning a remedy in Johnnie's Homes, Inc.'s absence so as to minimize prejudice to Holt and Green Tree. Since the contractual provisions in dispute are identical and are in fact from the same contract, this Court cannot construe the contractual provisions with respect to Green Tree and Holt without affecting their application to Holt and Johnnie's Homes. Third, this Court must examine whether rendering judgment

11

in Johnnie's Homes, Inc.'s absence would be adequate. Since the alleged fraud underlying this action was allegedly committed jointly and was in fact alleged to have been the result of a conspiracy, it appears that since this Court could only compel Green Tree to arbitration and not Johnnie's Homes, complete relief could not be afforded by proceeding without Johnnie's Homes. Finally and perhaps in this instance most importantly, the Court must consider whether Plaintiff will have an adequate remedy in the event this civil action is dismissed. There are two civil actions pending in Walker County Circuit Court involving this same arbitration clause, CV 96-092, *Holt v. Johnnie's Homes, Inc. and Green Tree Financial Corp.* and CV 95-745, *Holt v. Johnnie's Homes, Inc., et al.* Therefore, it seems absolutely certain that there will be a forum where all parties to the contract are present and under the forum court's jurisdiction in which this dispute can be adjudicated. Therefore, since it seems that a prejudicial outcome is entirely possible in this court and not possible at all in the Walker County Circuit Court, this Court is of the opinion and now holds that this case is due to be dismissed pursuant to the provisions of Rule 19(b).

Alternatively, this Court will abstain from exercising its jurisdiction and dismiss this action without prejudice in conformity with the United State Supreme Court's decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The Supreme Court in that case instructed the district courts to consider the following factors in making a decision to

12

abstain from exercising their jurisdiction: (1) inconvenience of the federal forum, (2) desirability of avoiding piecemeal litigation, and (3) the order in which jurisdiction was obtained by the concurrent forums. *Colorado River*, 424 U.S. at 818. In this civil action, it would be impossible for this Court to retain jurisdiction over the subject matter of this case if Johnnie's Homes were to be joined since bringing them into the case destroys diversity. Thus the federal forum is more inconvenient and litigation here will necessarily entail piecemeal interpretation of the arbitration clause, since the question is before the state court with respect to Johnnie's Homes in CV 95-745 as well. Additionally, this dispute was filed in Walker County Circuit Court almost a month before this action was filed directly in federal court. Since the factors set out by the Supreme Court as applied to this action favor abstention, this Court will alternatively grant the Motion to Dismiss filed by Defendant Holt on April 12, 1996 and abstain from the exercise of federal jurisdiction in favor of the state court proceedings.[5]

An appropriate Order in conformity with this opinion is contemporaneously entered.

DONE this 25th day of February, 1997.

E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] The Court here acknowledges the excellent research and suggestions made to this HM Judge by his Law Clerk Clay Staggs prior to the drafting of this Memorandum Opinion.

13